IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA SIVELS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2514 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                          February 12, 2009

Upon consideration of the brief in support of request for review[1] filed by plaintiff (Doc. No. 8), defendant's response, and plaintiff's reply (Doc. No. 11 & 12), the court makes the following findings and conclusions:

1. On April 26, 1995, Linda Sivels ("Sivels") filed for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, ultimately alleging an onset date of October 18, 1987. (Tr. 46-47; 92-95; 343 ¶ 3; 655).[2] Sivels' date last insured was December 31, 1992, thus, she must prove that she was disabled prior to that date. There have been five hearings before three ALJs and three unfavorable decisions in this case. The most recent ALJ decision denying benefits is dated January 20, 2006. (Tr. 343-38). After the Appeals Council declined to review the case, Sivels filed a complaint in this court dated May 22, 2008. Sivels, under a subsequent supplemental security income application dated November 30, 1999, was found disabled primarily due to a mood disorder. (Tr. 343 ¶ 4; 446).

2. In her January 20, 2006 decision, the current ALJ concluded, *inter alia*, that: (1) Sivels had severe impairments which did not meet or equal a listing; (2) Sivels had the residual functional capacity ("RFC") to perform light work with no fine finger manipulation of the dominant right hand and no climbing of ladders; (3) Sivels could perform jobs that existed in significant numbers in the national economy; and (5) Sivels was not disabled. (Tr. 347 Findings 3-4, 6; 348 Findings 11-13).

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r

---

[1] Although plaintiff has filed her brief as a motion for summary judgment, in accordance with the procedural order in this case, I will consider it as a brief and statement of issues in support of request for review. (Doc. No. 5).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

    4. Sivels raises three arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.  I also find that there is a fundamental misconception in Sivels' submission regarding the burden of proof which undermines the efficacy of her arguments.  Sivels acknowledges that she has the burden of production and persuasion of showing that she was disabled through step four of the sequential analysis.  However, she contends that at step five of the analysis, the burden of proof completely shifts to defendant to rebut her *prima facie* showing of disability.  Under the regulations, it is clear that this is not the case.  The burden of production and persuasion temporarily shifts to the defendant at step five merely to provide evidence that there are jobs which exist in significant numbers in the national economy that the plaintiff can perform.  68 F.R. 51153, 51155.  Once this burden has been met, the burden shifts back to the plaintiff with whom "the ultimate burden of persuasion to prove disability [ ] remains."  (Id.).

    A. The first ALJ found that Sivels had severe degenerative changes of the cervical spine with residual cervical radiculopathy in the right arm, and chronic lumbar strain with disc degeneration.[3]  (Tr. 17 Finding 3; 434 ¶ 5).  Sivels contends that the current ALJ erred by merely adopting this finding and failing to also find severe her lumbar radiculopathy.  Similarly, Sivels contends that the ALJ substituted her lay opinion for that of her treating physician, Dr. Steinhouse, who diagnosed the lumbar radiculopathy.  First, I conclude that the ALJ did not substitute her lay opinion for that of the physicians.  The ALJ's conclusions regarding Sivels' physical impairments are, as discussed in the first ALJ decision, supported by, *inter alia*, Drs. Nissenbaum and Ruth, both treating physicians.  (Tr. 14 ¶ 3 - 15 ¶ 3).

    I further conclude that, at worst, the ALJ committed harmless error by failing to find Sivels' lumbar radiculopathy severe.  See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with a social security ruling would not have changed the outcome of the case).  As noted by the Commissioner, disability is

---

[3] As noted, there were three ALJ decisions in this case.  After the first remand, the second ALJ adopted "the entirety of the summary and analysis, findings of fact, and conclusions of law, from" the first ALJ's decision.  (Tr. 440 ¶ 3).  Then, after the second remand, the current ALJ adopted the decision of the second ALJ.  (Tr. 343 ¶ 1). Thus, all three ALJ decisions are relevant to the instant matter and reflect the current ALJ's reasoning.

based on a plaintiff's functional limitations, not on his or her diagnoses.  Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990).  Sivels alleged that her lumbar ailments caused her pain and numbness that radiated from her lower back through her legs.  Whether the ALJ attributed these issues to lumbar strain and disc degeneration or lumbar radiculopathy is irrelevant.  The end result is that the ALJ considered the pain and numbness in Sivels' lower back and legs and their impact on her ability to work.  Moreover, Sivels, who has the burden of proof, fails to provide any meaningful explanation regarding how a finding of severe lumbar radiculopathy would have had any heightened impact on her ability to perform work related tasks.  Thus, Sivels' contention to the contrary must fail.

      B. Sivels next argues that the ALJ erred by failing to find a severe mental impairment.  As stated above, Sivels has the burden of proving the existence of any severe impairment before December 31, 1992, her date last insured.  Unfortunately, there is no objective evidence of a severe mental impairment prior to that date.  The only evidence available are some high school records showing Sivels participated in a "modified diploma" program and several notes during the relevant time period from Dr. Steinhouse reflecting that Sivels was feeling depressed due to her pain and restricted movement.  See e.g. (Tr. 270; 280-84; 288; 472-73).  Sivels did testify that she had been hospitalized due to a nervous breakdown around 1969 and that she had been taking "nerve pills" since that time.  (Tr. 621-22).  However, as noted by the ALJ, there is absolutely no supporting medical record of this and, as discussed by all of the ALJs, the conclusion that Sivels' testimony was less than credible given, *inter alia*, her many contradictory statements, is certainly supported by substantial evidence.  (Tr. 14 ¶ 1; 345 ¶ 1 - 346 ¶ 4; 439 ¶¶ 4-6).  Sivels also notes that in 2000 she was assigned a full scale I.Q. score of 70.  (Tr. 588).  However, the medical examiner ("ME") at the last hearing testified that he would be unwilling to speculate from this I.Q. test whether Sivels' I.Q. scores would have been the same prior to December 1992.  (Tr. 690).  In fact, the ME noted that during the time in question, Sivels' doctors, including Dr. Steinhouse, apparently did not believe her depression was severe enough to refer her to a professional or prescribe her medication.  (Tr. 691).  Sivels has failed to meet her burden of proof of showing a severe mental impairment during the relevant time period.  20 C.F.R. § 404.1512.  Moreover, the ALJ's conclusion of no severe mental impairment is supported by the testimony of the ME, the lack of medical records, Sivels' work history, and her activities of daily life.  (Tr. 346 ¶¶ 3-4).  Therefore, Sivels' argument must fail.

      C. Finally, Sivels contends that the hypothetical to the vocational expert ("VE") was insufficient because it included only fingering limitations and not grasping limitations.  In the original decision, the first ALJ concluded that Sivels could perform light work but was limited in her ability to perform fine finger manipulation with her right hand and that she did not have the free use of both hands for climbing ladders.  (Tr. 15 ¶ 4).  The ALJ then stated that this RFC assessment (which was adopted by both subsequent ALJs) was based on Dr. Nissenbaum's and Dr. Ruth's statements that Sivels could perform light work, as well as Dr. Steinhouse's statement that she may have some difficulty grasping objects.  (Id.).  Sivels maintains that the first ALJ (as well as the subsequent ALJs) erroneously equated "fine finger manipulation" as being precisely the same as Dr. Steinhouse's assessment that Sivels had

"difficulty grasping objects." See (Tr. 15 ¶ 4; 275; 281; 285; 287).  Since these two skills are different and Sivels believes that the ALJ concluded from Dr. Steinhouse's notes that she could not grasp objects with her right hand, Sivels contends that the RFC and hypothetical should have included a grasping limitation instead of a fingering limitation.

I disagree with Sivel's premise.  I find no evidence that the first ALJ confused "fingering" with "grasping."  The ALJ specifically stated that he found the fingering limitation and a prohibition on climbing ladders based, not just on Steinhouse's grasping conclusion, but on the conclusions of Drs. Nissenbaum and Ruth.  Moreover, directly before stating the RFC, the ALJ discussed medical evidence showing substantial improvement in her right hand, increased grip strength, less intense symptoms and good response to treatment.  (Tr. 14 ¶ 3; 15 ¶ 1).  The ALJ also discussed Sivels' testimony that she could open medication bottles, manipulate buttons and zippers, and could open a cigarette pack and light a cigarette without difficulty.  (Tr. 13 ¶ 3).  Thus, it is quite reasonable to assume that the first ALJ, in weighing all of the evidence, partially credited Dr. Steinhouse's grasping assessments by limiting fingering *and* climbing ladders.  I find that the RFC and hypothetical are sufficient and supported by substantial evidence.

      5.    Upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.  As a result, Sivels' request for relief must be denied and the decision must be affirmed.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA SIVELS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-2514 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## **ORDER**

AND NOW, this 12th day of February, 2009, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response, and plaintiff's reply (Doc. No. 11 & 12) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.

> _S/ Lowell A. Reed, Jr._____
> LOWELL A. REED, JR., Sr. J.